133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver MAIBEN, Jr., Defendant-Appellant.
 No. 97-50275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 20, 1998.
 
 Before: BROWNING, KLEINFELD and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oliver Maiben, Jr. appeals the revocation of his probation for knowingly possessing a firearm in violation of 18 U.S.C. § 922(g). Maiben contends that the district court erred by denying his motion to suppress the firearm found during the execution of a search warrant. We review the district court's determination of a motion to suppress de novo and its factual findings for clear error. See United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Maiben first contends that the search of his bedroom closet exceeded the scope of the search warrant. This contention lacks merit because it was reasonable to expect to find the items specified in the search warrant in Maiben's closet. See United States v. Ewain, 88 F.3d 689, 694 (9th Cir.), cert. denied, 117 S.Ct. 332 (1996) (holding that scope of search warrant extends to all places one could reasonably expect to find evidence sought).
 
 
 4
 Maiben next contends that the seizure of the firearm was not justified under the plain view doctrine because the incriminating nature of the firearm was not immediately apparent. We disagree.
 
 
 5
 Seizure of evidence in plain view is permitted as long as the initial intrusion is lawful and the incriminatory nature of the evidence is immediately apparent to the officers. See United States v. Hudson, 100 F.3d 1409, 1420 (9th Cir.), cert. denied, 118 S.Ct. 353 (1997).
 
 
 6
 Here, the search was executed pursuant to a valid search warrant which permitted the intrusion into the closet. See id. Further, the incriminatory nature of the firearm was apparent to the officer who had been advised of Maiben's criminal history, which included a felony conviction. See id. (noting that available facts need only "warrant a man of reasonable caution in the belief" that certain items may be contraband).
 
 
 7
 Accordingly, the district court did not err by denying Maiben's motion to suppress the firearm. See Becker, 23 F.3d at 1539.[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Maiben's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Maiben's motion to expand the record is granted. See Fed. R.App. P. 10. To the extent they are relevant, the submitted documents have been considered in this appeal